IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

HENRY ALEXANDER HOUCK,

    Petitioner,

v.                                                                       Civil Action No. **3:12CV26**

HAROLD W. CLARKE,

    Respondent.

## MEMORANDUM OPINION

Henry Alexander Houck, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition")[1] challenging his convictions in the Circuit Court for the County of Chesterfield, Virginia ("Circuit Court"). Respondent moves to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Houck has responded; the matter is ripe for disposition. Since Houck has failed to meet the one-year deadline and he cannot demonstrate entitlement to equitable tolling or a belated commencement of the statute of limitations, his petition must be dismissed.

### I. PROCEDURAL HISTORY

Houck pled guilty in the Circuit Court to two counts of robbery, one count of conspiracy to commit robbery, and one count of use of a firearm during a robbery. *Commonwealth v. Houck*, No. CR09F00510, at 1 (Va. Cir. Ct. June 29, 2009). On September 14, 2009, the Circuit

---

[1] Along with the § 2254 Petition, Houck filed a supporting memorandum ("Memorandum in Support" (Docket No. 2)). Citations to the Memorandum in Support will refer to the pages assigned by the Court's CM/ECF system at the time of the document's filing.

Court sentenced Houck to an active term of incarceration of eleven years and twelve months.[2] *Commonwealth v. Houck*, No. CR09F00510, at 2 (Va. Cir. Ct. Sept. 14, 2009). Houck did not appeal. (*See* § 2254 Pet. 3.)

On March 28, 2011, Houck filed a petition for a writ of habeas corpus directed to the Supreme Court of Virginia ("State Habeas Petition"). On October 12, 2011, the Supreme Court of Virginia dismissed the petition. *Houck v. Dir., Dep't Corr.*, No. 110670, at 4 (Va. Oct. 12, 2011). On January 6, 2012, Houck filed the instant § 2254 Petition in this Court.[3] In his § 2254 Petition, Houck makes the following claims:

Claim One     "That the police did not have probable cause or a warrant at the time that they entered the Petitioner's house." (Mem. Supp. § 2254 Pet. 3.)

Claim Two     "The Petitioner argues that his Court Appointed Counsel was ineffective performing his duties as he was assigned to do by law and under the Constitution of the United States."[4] (*Id.* at 7 (emphasis omitted).)

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Houck's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

---

[2] Though functionally equivalent to a twelve-year sentence, the Circuit Court stated Houck's sentence in this precise manner, reflecting Virginia courts' standard practice.

[3] This is the date Houck swears he placed the § 2254 Petition in the mail and, hence, the date this Court deems it filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[4] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

2

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement of the Statute of Limitations

Houck's judgment became final for the purposes of the AEDPA on Wednesday, October 14, 2009, the last day to file a notice of appeal in the Circuit Court. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6 (West 2009) ("No appeal shall be allowed unless, within 30 days after entry of final judgment . . . counsel files with the clerk of the trial court a notice of appeal. . . ."). Accordingly, Houck had one year, or until Friday, October 14, 2010, to file a petition pursuant to 28 U.S.C. § 2254. Houck did not file his § 2254 Petition

until January 6, 2012. Accordingly, unless Houck demonstrates that entitlement to belated commencement or equitable tolling, the statute of limitations will bar his claims.[5]

## C. Belated Commencement

Houck asserts that his judgment did not become final, and thus the AEDPA's one-year statute of limitations did not begin to run, until the date the Supreme Court of Virginia dismissed the State Habeas Petition. (Br. Opp'n Mot. Dismiss 8.) Houck is mistaken. The statute of limitations on a § 2254 petition begins to run on "the date on which the judgment [becomes] final by the conclusion of *direct review* or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A) (emphasis added).

Houck did not file any direct appeal of his Circuit Court conviction. Accordingly, his conviction became final when the time to seek direct appeal expired. *Hill*, 277 F.3d at 704. Houck's opportunity to seek direct review of his conviction in the Court of Appeals of Virginia expired thirty days after the Circuit Court entered judgment. Va. Sup. Ct. R. 5A:6 (West 2009). Thus, Houck's conviction became final for the purposes of the AEDPA on Wednesday, October 14, 2009, not after the Supreme Court of Virginia dismissed his State Habeas Petition.[6] Houck does not assert any other grounds for a belated commencement of the statute of limitations. Accordingly, Houck is not entitled to a belated commencement of the statute of limitations.

---

[5] The State Habeas Petition did not entitle Houck to statutory tolling because the statute of limitations expired prior to Houck's filing of the State Habeas Petition. *Deville v. Johnson*, No. 1:09cv72 (CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)).

[6] A petition for a writ of habeas corpus is a form of *collateral* review, not direct review. *See Mironescu v. Costner*, 480 F.3d 664, 665 (4th Cir. 2007) (citing *Peroff v. Hylton*, 563 F.2d 1099, 1102 (4th Cir. 1977)).

### D. Equitable Tolling

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" which demonstrate that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Houck does not attempt to explain why he should be entitled to equitable tolling. Accordingly, Houck is not entitled to equitable tolling. Because Houck cannot demonstrate any meritorious grounds for belated commencement or equitable tolling, the § 2254 Petition will be DENIED as untimely.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (Docket No. 9) will be GRANTED. Houck's § 2254 Petition will be DENIED. The action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v.*

6

*McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Houck fails to meet this standard. Accordingly, a certificate of appealability will be DENIED.

An appropriate Order shall issue.

/s/
John A. Gibney, Jr.
United States District Judge

Date: June 22, 2012
Richmond, Virginia

6